IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:20-cr-145 |
| v. | The Honorable T. S. Ellis, III |
| MAKSIM BEREZAN, | |
| Defendant. | |

## NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION TO SEAL

The United States of America, through undersigned counsel, and pursuant to Local Criminal Rule 49 of the United States District Court for the Eastern District of Virginia, respectfully requests that the Court seal the documents that are the subject of this motion to seal. In support of its request, the government states as follows:

1. The Court has the inherent power to seal materials submitted to it. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing of a document is appropriate where there is a substantial probability that the release of the sealed document would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988);

<u>Matter of Eye Care Physicians of America</u>, 100 F.3d 514, 518 (7th Cir. 1996); <u>Matter of Flower Aviation of Kansas, Inc.</u>, 789 F.Supp. 366 (D. Kan. 1992).

2. Sealing is necessary because premature disclosure of the information described above would jeopardize an ongoing criminal investigation, place witnesses or agents in jeopardy, or lead to the destruction of evidence. The government has considered procedures other than sealing and none will suffice to protect this information from disclosure.

3. The materials to be filed under seal would need to remain sealed until further order of the Court. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this information.

4. A proposed Order is attached.

WHEREFORE, the United States respectfully requests that the accompanying documents be sealed until further Order of the Court.

Respectfully Submitted,

Raj Parekh
Acting United States Attorney

By:  /s/
Alexander P. Berrang
Jonathan S. Keim
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: alexander.berrang@usdoj.gov
Email: jonathan.keim@usdoj.gov

Allison Zitron
Trial Attorney
Computer Crime and Intellectual Property Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, DC 20005
Alison.Zitron@usdoj.gov

2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record in this case. I also provided an electronic copy to all counsel of record by means of electronic mail.

                                    Respectfully Submitted,

                                    Raj Parekh
                                    Acting United States Attorney

By:       /s/
                                    Jonathan Keim
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Phone: (703) 299-3700
                                    Fax: (703) 299-3981
                                    Email: jonathan.keim@usdoj.gov