IN OPEN COURT
APR -9 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:20-CR-145 |
| v. | The Honorable T.S. Ellis, III |
| MAKSIM BEREZAN, | |
| *Defendant.* | |

**PLEA AGREEMENT**

Raj Parekh, Acting U.S. Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, MAKSIM BEREZAN; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

1.  **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts One and Five of the Indictment. Count One charges the defendant with Conspiracy to Commit Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1349. The maximum penalties for this offense are: a maximum term of 30 years of imprisonment, a fine of the greater of $1,000,000 or twice the gross gain or loss, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 5 years. Count Five charges the defendant with Conspiracy to Commit Access Device Fraud and Computer Intrusions, in violation of 18 U.S.C. § 371. The maximum penalties for this offense are: a maximum term of 5 years of imprisonment, a fine of the greater of $250,000 or twice the gross gain or loss, full restitution as outlined below, forfeiture of assets as outlined below, a

special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 3 years. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

  a. the right to plead not guilty and to persist in that plea;

  b. the right to a jury trial;

  c. the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

  d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant stipulate and will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

| Guideline(s) | Description | Offense Level |
|---|---|---|
| § 2B1.1(a)(1) | The defendant was convicted of an offense referenced to this guideline and that has a statutory maximum term of imprisonment of 20 years or more. | 7 |
| § 2B1.1(b)(1) | The intended loss was more than $3,500,000. | +18 |
| § 2B1.1(b)(2) | The offense involved 10 or more victims. | +2 |
| § 2B1.1(b)(4) | The offense involved the receipt of stolen property and the defendant was in the business of receiving and selling stolen property. | +2 |
| § 2B1.1(b)(11) | The offense involved the trafficking of any unauthorized access device or counterfeit access device. | +2 |
| | **Total Offense Level** | 31 |

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Any stipulation on a Guidelines provision does not limit the parties' arguments as to any other Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing.

The United States and the defendant further agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

5.   **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

6. **Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts. This Plea Agreement and Statement of Facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

7. **Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts pending against this defendant at the conclusion of this defendant's sentencing hearing.

8. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method,

nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

## 9. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 10. Restitution

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution.

The defendant further agrees that additional victims and losses for which he may be obligated to pay restitution may later be determined. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), the defendant agrees that any future agreement as to restitution will be in writing and endorsed by both parties.

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time-consuming process. To that end, defendant agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

11. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud- or computer fraud- or computer intrusions-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the proceeds of either of his offenses or facilitating property for Count Five. The assets subject to forfeiture include, but are not limited to, the following:

- €197,980 (Euro) in currency;
- Gray iPhone, IMEI 352075062861154;
- Black iPhone, IMEI 013626009410108;
- Black iPhone, IMEI 353041096200834;
- Black Alcatel One Touch, No. 35545408121280;
- White Apple Airport Extreme, No. FOXTH011FJ1R;
- Apple MacBook Air A1466, ID: QDS-BRCM1072, IC: 4324ARCM1072;

- Apple MacBook Air A2179, No. FVFCGOPEM6KG;
- White and Gold iPhone, IMEI 956606089608565;
- Gold chain, 59 cm in length;
- Gold chain, 65 cm in length;
- Gold ring with flowers printed on top and both sides;
- Gold colored ring with white stone in middle and 8 small white stones (1 missing) around diameter of ring;
- Gold ring with black stones (1 missing) around diameter;
- Black iPhone, IMEI 35833104123044;
- Data storage device No. Z9C1TSY9;
- Electrum Wallet named "293" containing 4.007518 BTC as of November 30, 2020 with Public Key: zpub6nKSni55AeJ5vhEdbMTB8LmqC84bB3YAVG1YS2HSeXXNFzf7Qsu6wULspDJ2B3BndEn81hki169L9oVt4SQZ48tSca41oV4Wh1rLCSDwhVm;
- Electrum Wallet named "aj" containing 35.098519 BTC as of November 30, 2020 with Public Key: xpub661MyMwAqRbcGNptg2GTW8TBPaRRK4QzEZC74HAjwnCa2WGvG3ZZaWzsPKExn7CwvRU9amz45GT1BZmth5LSTcUGEhwAPkZFdohD8FHXx7U; and
- Trezor Hardware Wallet, named "Trezor Account # 5" containing 3.45471063 BTC and located in the Trezor device held in U.S. Secret Service Evidence as Evidence No. 178 2021 CE 000009.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014).

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant admits and agrees that the conduct described in the

charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 12. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, or a substitute for either type of property.

### 13. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past 10 years from the date of the defendant's signature on this Plea Agreement. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that the proceeds

of the offense(s) are subject to forfeiture and cannot be used for any purpose, to include attorney's fees and living expenses.

14. **Impact of Guilty Plea on Immigration or Citizenship Status**

The defendant recognizes that pleading guilty may have consequences for the defendant's immigration status, if the defendant is not a citizen of the United States, or for the defendant's citizenship status, if the defendant is a naturalized citizen. Under federal law, a broad range of crimes are removable offenses, including offenses that qualify as aggravated felonies, crimes involving moral turpitude, and conduct involving controlled substances and firearms, among many other categories of criminal activity. Likewise, if the defendant is a naturalized citizen, the defendant acknowledges that certain convictions, which may include the defendant's convictions, may expose the defendant to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including the defendant's attorney, the U.S. Attorney's Office, or the U.S. District Court, can predict to a certainty the effect of the defendant's convictions on the defendant's immigration or citizenship status. The defendant nevertheless affirms that the defendant knowingly and voluntarily agrees to plead guilty regardless of any present or future immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States or denaturalization followed by automatic removal from the United States.

15. **Consent Given for Removal from the United States**

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the U.S. Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other

administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

16. **Waiver of Rights Related to Removal from the United States**

Except as provided in section 17 below, the defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture. As part of this Plea Agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in Estonia or Latvia on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in and has no present fear of torture in Estonia or Latvia.

17. **Exception for Changed Circumstances Arising After Plea**

Nothing in this Plea Agreement shall prohibit the defendant from applying for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture, provided the application is based solely on changed circumstances arising after the entry of this plea but before the defendant's removal.

18. **Abandonment of Pending Applications for Relief from Removal**

The defendant agrees that upon entry of this Plea Agreement, the defendant abandons (1) any existing immigration benefit the defendant may hold; and (2) any application for relief from removal, deportation, or exclusion the defendant may have filed prior to the completion of this Plea Agreement. The defendant further agrees not to file or prosecute any application for relief from removal, deportation, or exclusion, either written or oral, before any federal court, the Board of Immigration Appeals, an immigration judge, or the DHS, prior to the defendant's removal from the United States, except that the defendant may apply for asylum, withholding of removal, or protection under Article 3 of the Convention Against Torture as provided in section 17 of this Plea Agreement.

19. **The Defendant's Cooperation in the Defendant's Removal**

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this Plea Agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

20. **Plea Agreement Binding for Purposes of Removal Proceedings**

The defendant agrees that the defendant intends the agreements contained in this Plea Agreement to be binding upon the defendant during any removal proceeding that may be instituted against the defendant as a result of this Plea Agreement. In particular, the defendant

acknowledges and agrees that the agreements concerning removal contained in this Plea Agreement were entered into by the defendant and the United States with the express understanding that the agreements are binding for purposes of any future removal proceeding before the Board of Immigration Appeals, an immigration judge, or the DHS.

21. **Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

   a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

   b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

   c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

22. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Raj Parekh
Acting U.S. Attorney

By: _____
Alexander P. Berrang
Jonathan S. Keim
Assistant United States Attorneys

Laura Fong
Senior Trial Attorney
Computer Crime and Intellectual Property Section
U.S. Department of Justice

Alison Zitron
Trial Attorney
Computer Crime and Intellectual Property Section
U.S. Department of Justice

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and have had it explained to me by my attorney, and, to the extent necessary, translated into Russian. I carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 04.09.2021

MAKSIM BEREZAN

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To the extent necessary, I have provided explanations and translations in Russian. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 4/9/21

Vadim A. Glozman, Esq.
Lana Manitta, Esq.
Counsel for the Defendant